IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

COREY E. THOMAS                                                                                    PLAINTIFF

VS.                                       5:07CV00200-WRW

THE WASHINGTON DEMILITARIZATION
COMPANY, LLC, et al.                                                                          DEFENDANTS

**ORDER**

Pending is Defendants' Motion for Partial Judgment on the Pleadings (Doc. No. 28). Plaintiff has responded.[1]

The Amended Complaint reads: "Plaintiff complains of retaliation as a result of an investigation in which he participated. He was discharged just seven months after the investigation. The defendant used the issues surrounding the investigation as grounds for discharge."[2]

Defendants contend that Plaintiff's retaliation claim should be dismissed for failure to exhaust, since Plaintiff did not present this issue to the EEOC.[3] In response to Defendants' motion, Plaintiff supplied his November 5, 2006 statement to the EEOC. It reads, in part:

> In the discharge documentation, I was informed that part of the reason I was being discharged [was] for making false accusations against members of the management team and for my relationship with HR. This was actually an investigation where I raised a concern that involved the re-hire of the HR Manager's daughter as a Buyer. I refused to do it on the grounds that she was not the most qualified candidate in the candidate pool . . . Please note that the HR Manager participated in my discharge proceedings. The law prohibits retaliation against an individual based on their participation in an investigation. If this is so, how could this issue be used as part of the grounds for my discharge.[4]

---

[1]Doc. No. 30.

[2]Doc. No. 4.

[3]Doc. No. 29.

[4]Doc. No. 30-2.

1

"Title VII prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination . . . or participating in an investigation under Title VII."[5]  However, the allegations and record are absent any evidence that the alleged retaliation occurred because Plaintiff was participating in a "protected activity." Based on Plaintiff's statements to the EEOC, the alleged retaliation was for his involvement in an investigation involving the HR Manager's daughter.

## CONCLUSION

Since the record does not support a retaliation claim based on discrimination, and Plaintiff did not present a discrimination based retaliation claim to the EEOC, Defendants' Motion for Partial Judgment on the Pleadings (Doc. No. 28) is GRANTED, and Plaintiff's retaliation claim is dismissed.

IT IS SO ORDERED this 8th day of August, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5]*Hunt v. Nebrask Public Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002).